**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>JAMES ERIC FRANCIS,<br><br>                           Debtor. | Chapter 7<br><br>Case No.: 19-23919 (SHL) |
| JAMES ERIC FRANCIS,<br><br>                           Plaintiff,<br>   -v-<br><br>UNITED STATES OF AMERICA, on behalf of the INTERNAL REVENUE SERVICE,<br><br>                           Defendant. | Adv. Proc. No. 20-8948 (SHL) |

**STIPULATION REGARDING TAX LIABILITIES**
**AND ORDER OF DISMISSAL OF ADVERSARY PROCEEDING**

WHEREAS, on October 30, 2019 (the "Petition Date"), Debtor James Eric Francis (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code;

WHEREAS, on February 11, 2020, Debtor filed the above-captioned adversary complaint (the "Complaint") against the United States of America, on behalf of the Internal Revenue Service (the "United States," and together with Debtor, the "Parties");

WHEREAS, on October 10, 2023, Debtor filed an amended adversary complaint (the "Amended Complaint") seeking a determination that Debtor's federal income tax liabilities (and associated interest and penalties) for tax years 2009, 2010, 2011, 2012, 2013, and 2014 (the "Federal Tax Liabilities") are dischargeable pursuant to 11 U.S.C. § 523(a)(1); and

WHEREAS, the Parties have reached a mutually agreeable resolution addressing the claims asserted in the Amended Complaint;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Debtor and the United States, through their respective counsel, as follows:

1. This Stipulation and Order resolves all of Debtor's claims in the Amended Complaint.

2. The Parties agree that the Federal Tax Liabilities are not dischargeable pursuant to 11 U.S.C. § 523(a)(1)(C).

3. Debtor shall satisfy the Federal Tax Liabilities by paying a total of five hundred thousand dollars ($500,000) plus interest which shall accrue at a rate of 8% beginning on January 7, 2024 (the "Settlement Sum"), according to the following payment schedule:

   a. Debtor shall make a lump-sum payment of three hundred thousand dollars ($300,000) on or before January 7, 2024; and

   b. Debtor shall make 46 monthly installment payments of five thousand dollars ($5,000) each, starting on February 6, 2024, and ending on November 6, 2027, as well as a payment of three thousand three hundred ninety-four dollars and thirty-two cents ($3,394.32) on December 6, 2027, for a total of two hundred thirty-three thousand three hundred ninety-four dollars and thirty-two cents ($233,394.32).

   c. In the event Debtor makes any of the payments specified in 3(a) or (b) after the date specified, Debtor shall make an additional payment of outstanding interest within 10 days of notification of the amount by the Department of Justice.

2

4. The Debtor shall be permitted to remit any portion of the Settlement Sum prior to the dates set forth in dates set forth in Paragraphs 3(a) and (b) herein. If the Debtor pays the entirety of the outstanding balance on or before December 6, 2026, the Debtor shall owe interest only up to and including the date that the final payment is received by the IRS.

5. Debtor shall submit all payments due pursuant to paragraph 3 directly to the Internal Revenue Service by mailing checks to:

>Internal Revenue Service
>Insolvency Unit
>290 Broadway, 5th Floor
>New York, NY 10007
>Attn: Sandra Felieu

6. Debtor shall remain current with all federal tax obligations incurred on or after the Petition Date.

7. Debtor shall be in default of this Stipulation and Order if Debtor fails to make the required payment set forth in Paragraph 3(a) on or before January 7, 2024. The Government will provide a written notice of default to Debtor by sending such notice via electronic mail and first class mail to (i) the Debtor, James Francis, 38 Cortlandt Avenue, New Rochelle, New York 10801, Email: james@rptrv.com, and (ii) his counsel, Julie Curley, Esq., Kirby Aisner & Curley LLP, 700 Post Road, Suite 237, Scarsdale, New York 10583, Email: jcurley@kacllp.com.

8. Debtor shall be in default of this Stipulation and Order if Debtor fails to make the required payments set forth in Paragraph 3(b) on or before the due dates for such payments, or if he fails to stay current with any federal tax liabilities he incurs on or after the Petition Date ("Default"). In the event of up to three Defaults, the Government will provide a written notice of Default (the "Notice of Default") to Debtor by sending such notice via electronic mail and first class mail to (i) the Debtor, James Francis, 38 Cortlandt Avenue, New Rochelle, New York

3

10801, Email: james@rptrv.com, and (ii) his counsel, Julie Curley, Esq., Kirby Aisner & Curley LLP, 700 Post Road, Suite 237, Scarsdale, New York 10583, Email: jcurley@kacllp.com. Debtor shall then have an opportunity to cure the Default within seven (7) calendar days from the date of receipt of the Notice of Default by making the full monthly installment payment due. In the event of a fourth or subsequent Default, the Government shall provide a written Notice of Default but Debtor shall not have an opportunity to cure the Default.

9. In the event the Debtor fails to timely cure a Default or in the event of a Default where Debtor has no right to cure, the Government may, in its discretion, bring an action in federal district court to collect the full amount of the Federal Tax Liabilities, net of any amount Debtor previously paid to the Government pursuant to this Stipulation and Order. Should the Government bring such an action, Debtor shall consent to a judgment being entered against him for the amount due, and agrees not to contest any collection action undertaken by the United States except on the grounds of actual payment to the United States. Regardless of whether the United States chooses to bring an action in district court, it has the right in the event of an uncured Default or a Default where the Debtor has no right to cure to take all administrative collection remedies permitted by the Internal Revenue Code.

10. Debtor waives and agrees not to plead, argue, or otherwise raise any defenses of statutes of limitations, laches, estoppel or similar theories in connection with the collection of the Federal Tax Liabilities until February 4, 2028, except to the extent these defenses were available on February 11, 2020**.**

11. This Stipulation and Order does not affect Debtor's outstanding federal tax liabilities with respect to any tax years other than 2009, 2010, 2011, 2012, 2013, and 2014.

12. This Stipulation and Order does not affect the validity, priority, or extent of any federal tax lien properly perfected by the Internal Revenue Service prior to the Petition Date.

13. For the avoidance of doubt, this Stipulation and Order does not affect Debtor's ability to submit to the U.S. Department of Justice ("DOJ"), through the undersigned counsel for the Government, and DOJ's ability to grant or deny, an application for lien subordination.

14. Upon the Debtor's full tender of the Settlement Sum, the federal tax liens related to the Federal Tax Liabilities shall be deemed satisfied.

15. Pursuant to Federal Rule of Civil Procedure 41(a), incorporated into this adversary proceeding by Federal Rule of Bankruptcy Procedure 7041, the Amended Complaint is hereby dismissed with prejudice, without costs or attorneys' fees to any party.

16. This Stipulation and Order is subject to the approval of the Court and shall become effective once it has been entered by the Court. In the event that the Court declines to approve this Stipulation and Order, it shall be null and void, with no force or effect.

17. This Stipulation and Order contains the entire agreement between Debtor and the United States, and no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the parties or counsel not included herein shall be of any force or effect.

18. This Stipulation is the product of arms' length negotiations and represents the complete agreement of the Parties with respect to the matters covered herein and fully supersedes any and all prior agreements with respect to the matters covered herein. No other agreement, either oral or written, express or implied, prior or contemporaneous, exists with respect to the matters covered by this Stipulation.

19. Signatures in PDF form or e-signatures shall have the same force and effect as original signatures on this Stipulation and Order.

20. Upon approval of this Stipulation and Order by the Bankruptcy Court, this adversary proceeding shall be closed and any pending deadlines and conferences shall be canceled.

Agreed to by:

| | |
|---|---|
| KIRBY AISNER & CURLEY LLP<br>*Attorney for Debtor-Plaintiff* | DAMIAN WILLIAMS<br>United States Attorney for the<br>Southern District of New York<br>*Attorney for the United States* |
| By:  */s/Julie Cvek Curley*<br>     JULIE CVEK CURLEY, ESQ.<br>     700 Post Road, #237<br>     Scarsdale, NY 10583<br>     Tel.: (914) 401-9500<br>     jcurley@kacllp.com | By:  */s/ Ilan Stein*<br>     ILAN STEIN<br>     Assistant United States Attorney<br>     86 Chambers Street, 3rd Floor<br>     New York, New York 10007<br>     Tel.: (212) 637-2525<br>     Ilan.Stein@usdoj.gov |

_____
JAMES ERIC FRANCIS, Individually


SO ORDERED.


Dated: December 18, 2023                              */s/ Sean H. Lane*
                                                      United States Bankruptcy Judge